UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BLAKE D. REEVES           ]
    Plaintiff,         ]
                          ]
v.                        ]         No. 3:12-0054
                          ]         Judge Sharp
ROBERTSON COUNTY SHERIFF'S ]
OFFICE, et al.            ]
    Defendants.        ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Detention Facility in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Robertson County Sheriff's Office; the Robertson County Detention Facility; and three members (Crawford, Harrison and Heatherly) of the Detention Facility staff; seeking injunctive relief and damages.

On December 1, 2011, an officer (Harrison) at the Robertson County Detention Facility allegedly assaulted the plaintiff without provocation. When plaintiff reported the assault, the administration at the Detention Facility failed to take any action against the officer. The plaintiff further complains that authorities are unwilling to bring formal charges against the officer and prosecute him.

This action is being brought against the defendants in their

official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Robertson County, the municipal entity that operates the Detention Facility. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Robertson County or its agent, the Robertson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Robertson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Robertson County that allows for an unprovoked assault upon a prisoner. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge